NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50367 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01112-CAB |
| v. | |
| TOMAS RAMIREZ-CRUZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 15, 2018**

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Tomas Ramirez-Cruz appeals from the district court's judgment and

challenges the 51-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. §1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Ramirez-Cruz contends that the district court procedurally erred by relying on clearly erroneous facts, believing that the sentence must be equal to or greater than his most recent prior sentence, and failing to respond adequately to his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.

First, Ramirez-Cruz did not object to the factual statements contained in the presentence report regarding his background and, therefore, the district court was entitled to rely on them when evaluating the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc). Second, the record does not support Ramirez-Cruz's contention that the district court believed it was required to impose a sentence no lower than his previous sentence of 51months; instead, the court permissibly considered the prior sentence when evaluating what sentence would be sufficient to achieve deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). Finally, the district court explicitly addressed Ramirez-Cruz's mitigating arguments and did not plainly err by failing to provide a fuller explanation. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Ramirez-Cruz also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See*

17-50367

*United States v. Burgos-Ortega*, 777 F.3d 1047, 1056-57 (9th Cir. 2015).

**AFFIRMED.**